IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                                           OPINION AND ORDER

                Plaintiff,

                                      12-cv-339-bbc

    v.

RICHARD F. RICE AND FOX, FOX S.C., CAPITAL NEWSPAPERS, INC.,
CAPITAL TIMES NEWSPAPERS, FOLEY & LARDNER,
DEPARTMENT OF WORKFORCE DEVELOPMENT, AEROTEK,
SYNERGY WEB GRAPHICS, INC, CROCKETT TECHNOLOGIES,
PRO-ACTIVE ENGINEERING, INC., SARIS CYCLING GROUP,
TRANSPORTATION SECURITY ADMINISTRATION,
SARA LEE BAKERY, A.M. MAILING SERVICES, LLC,
HARLAN SPRAGUE DAWLEY, INC., UNITED VACCINES, INC,
THERMAL SPRAY TECHNOLOGIES, INC., SCIENTIFIC LABORATORIES, INC.,
WALGREEN'S DISTRIBUTION CENTER, UW HOSPITAL AND CLINICS,
FRANKLIN FUELING, HOME HEALTH UNITED, HOSPICE CARE, INC,
TOWN AND COUNTRY ELECTRIC, FOUR LAKES LABEL,
KELLY SERVICES, STEVE BROWN APARTMENTS and
MADISON AREA TECHNICAL COLLEGE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is one of three lawsuits that pro se plaintiff Glendale Stewart filed in this court on May 8, 2012.  Plaintiff alleges that defendant "Richard F. Rice committed conspiracy with Mr. Clayton Fink, Capital Newspapers Inc, the Capital Times Newspapers, Inc. and other co-conspirators in this case when he misrepresented [plaintiff] in a civil case against Capital Newspapers, Inc. due to his collaboration/collusion with Mr. Fink."  Plaintiff then lists more than 70 ways in which defendant Rice allegedly failed to provide adequate legal

1

representation of him in a case against defendant Capital Newspapers.  In addition, he alleges that Capital Newspapers lied about why it suspended and then terminated him from his job and that defendants Capital Newspapers and Aerotek "systematically worked to keep plaintiff out of work due to plaintiff's complaint filed against Capital Newspapers, Inc." He does not mention any of the other defendants by name anywhere in the body of his complaint. Because plaintiff is proceeding under 28 U.S.C. § 1915, I must screen his complaint to determine whether it states a claim upon which relief may be granted.

Many of plaintiffs' claims have been the subject of previous lawsuits.  In <u>Stewart v. Capital Newspapers, Inc.</u>, 09-cv-554-slc (W.D. Wis.), plaintiff alleged that Capital Newspapers discriminated against him in various ways and then retaliated against him when he complained about it.  The court granted the defendant's motion for summary judgment because plaintiff failed to adduce evidence to support his claims.  In <u>Stewart v. Rice</u>, 11-cv-413-bbc (W.D. Wis.), plaintiff alleged that Richard Rice and the law firm Fox & Fox committed malpractice in the context of representing plaintiff in administrative proceedings against Capital Newspapers.  The court dismissed that case for lack of subject matter jurisdiction because a claim for malpractice arises under state law, not federal law and plaintiff's citizenship was the same as the defendants'.

Under the doctrine of claim preclusion, plaintiff cannot litigate these claims a second time.  <u>In re Ingersoll, Inc.</u>, 562 F.3d 856, 861 (7th Cir. 2009) ("The doctrine of claim preclusion is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps."). Plaintiff's claims against defendant Capital

Newspaper received a final judgment on the merits and he remains bound by that judgment. Although plaintiff's claims against defendant Rice were not decided on the merits, this court still lacks jurisdiction over those claims.

In a letter plaintiff filed with the court, plaintiff says that the new case is different because he is raising a claim of "conspiracy" rather than malpractice. That distinction is meaningless because there is no cause of action for "conspiracy" by itself; it is simply a manner of holding persons jointly liable for a violation of the law. Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir.1988). To state a claim, plaintiff must identify the wrong committed; "adding the word 'conspiracy,' . . . adds nothing." Stanley v. Litscher, 213 F.3d 340, 343 (7th Cir. 2000). In this case, all of plaintiff's allegations against Rice and Fox & Fox relate to the legal representation they provided him. No matter how plaintiff tries to repackage it, it is still a state law claim.

Claim preclusion would not apply to the many other defendants in the caption, but this does not mean plaintiff may proceed against them. Plaintiff cannot state a claim upon which relief may be granted against defendants not discussed in the body of the complaint. It may be that the other defendants are businesses to which plaintiff sought employment unsuccessfully and that he believes they have conspired with Rice and Capital Newspapers to keep him from working. If that is his theory, he has no allegations to support it. Particularly because of the fantastic nature of his allegations, he must include enough specific facts to raise his claim above the level of speculation. Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009) ("[T]he plaintiff must meet a high standard of plausibility" when alleging

3

"a vast, encompassing conspiracy"); <u>Riley v. Vilsack</u>, 665 F. Supp. 2d 994, 1003 (W.D. Wis. 2009) (heightened pleading requirement appropriate "when the theory of the plaintiff seems particularly unlikely"). Accordingly, I conclude that plaintiff has failed to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Glendale Stewart's complaint is DISMISSED. Plaintiff's claim against defendants Capital Newspapers, Inc. and Capital Newspapers are DISMISSED under the doctrine of claim preclusion; plaintiff's claims against defendants Richard F. Rice and Fox & Fox, S.C. are DISMISSED for lack of subject matter jurisdiction. Plaintiff's claims against the remaining defendants are DISMISSED for plaintiff's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 19th day of June, 2012.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge